## GAVINSTON v. FREEMAN.

Supreme Court. Kent. March, 1796.

*Clayton's Notebook, 11.*\*

*Ridgely,* for the demurrer, argued: first, that there was by this assignment no express agreement on the part of the defend-

---

\* This case is also reported in *Wilson's Red Book, 121,* where the plaintiff's name is spelled "Gravinston."

ant to pay the amount of the bond in case the plaintiff did not recover it of the obligor; and if in point of law there was an agreement to pay on such default, it arose out of the covenant created by the word "assign," and that therefore if any action would lie by the plaintiff against the defendant, it would be covenant and not assumpsit. And to aid this doctrine he cited Gilb.Evid. 183, Bull.N.P. 128—to show that an *indebitatus assumpsit* will not lie on a specialty. Cro.Jac. 505; Doug. 5, accordant. Covenant under hand and seal is of an higher nature than assumpsit, 2 Str. 1027; Cro.Jac. 598. He said, if the defendant had entered into any express agreement with the plaintiff then an action would lie on the special promise, 2 Bl.R. 1269; 2 Term 479.

Secondly, though the action had been covenant the defendant is not bound to pay the money to the plaintiff in case of the obligor's insolvency—the word "assignment" upon which the covenant, if any, would arise, being only an agreement by the assignor that the assignee should receive the money from the obligor to his own use. 1 Freem. 368; 1 Ld.Raym. 683, 1 Dall. 444, 449. That no action has ever been brought in England by the assignee against the assignor of a bond, which is a strong argument that no action whatever would lie, and, there being no Act of Assembly in this state making provision for such a case, the deduction is most clear, etc.

Thirdly, there has been a delay by the assignee from the 1st day of January, 1793, to April 20th following (during which the February term elapsed) in proceeding against the obligor. Considering this case upon the principles of promissory notes in England, the plaintiff delayed at his own risk, for the holder of a promissory note gives time at his own risk as in *Pepys v. Sir John Lambert,* 1 Str. 707, 1 Esp.N.P. 50, 54, 55.

Fourthly, one of the plaintiff's witnesses saw plaintiff take the bond as pay or part pay, and, having so received it, he must be content. *Dingwall v. Dunster,* Doug. 247; *Stuart v. Williams,* Doug. 18; *Power v. Wills,* Cowp. 818; 4 Term 687.

Fifthly, both the counts are bad—the first for reasons already mentioned—the second because no money had been received. 5 Burr. 2593, *Nightingale et al. v. Devisme,* where the court declared such a count was not good to recover East India Stock though convertible into money.

*Miller* and *Fisher* for plaintiff. The assignment was not considered the foundation of the action—but as a document collateral to it and tending to illustrate a right of recovery—not as the immediate cause of action. That defendant received a val-

uable consideration was apparent from the assignments and therefore was under a moral duty to refund etc., Cowp. 290, 294, 2 Burr. 1012. Assumpsit lies for a consideration which happens to fail, 1 Term 732, 733, 734. *E. g.,* for purchase money when no land can be found as described in a deed, 1 Dall. 429.

At common law, bonds are not assignable; the Act of Assembly has made them so and intended they should be to answer the purposes of commerce on the footing of promissory notes in England. Though in England an assignment of a bill payable to J. S. or bearer be no good assignment to charge the drawer with an action on the bill, yet it is good between indorser and indorsee, 1 Salk. 125. ([NOTE.] This not so—a transfer with [out] indorsement of such a bill is merely a sale and therefore the indorser not liable—if indorsed the indorser becomes a new security. 7 Selw. 364n., 45.)

In assumpsit, deeds and other writings under seal may be given in evidence, not as the immediate foundation of the suit, but leading to it. 1 Pow.Con. 219, 220, 1 Dall. 429, 430 (same point.) The courts [of the] United States should harmonize in their determination upon points accompanied with an identity of circumstances. Common Pleas, Charleston (4 Am.Mus. 275) determined in a similar case for the assignee against assignor.

*Vide* "Covenant" 13.[1] This South Carolina decision overruled *semble* there.

---

Afterwards on April 3rd, following READ, C. J., delivered opinion of the Court :

The first count is defective, the second good. We also think the specialty and indorsement were rightly given in evidence, they being collateral to the suits. In the assignment are the words value received which is therefore like 1 Dall. 429, 430.

Money had and received is the proper count because the assignment admits the receipt of money. The objection to this count is well answered by *Ward v. Evans,* 6 Mod. 36. (The assumpsit and contract was like the receipt and bargain in 1 Selw. 692, 693, where horses were considered as money by the parties, and this evidence of consideration held no variance by the court. By fourth objection it seems one of the witnesses had proved the reception of the bond as part pay. If a horse may by the parties be reckoned as money, why not the carriage too?)

---

[1] This may be a reference to a volume of Clayton's personal notes.

True, it has been determined in Pennsylvania in 1 Dall. 20 and in *ibid.* 44B, that the covenant implied by the word "assign" extends only to this, that the assignee shall have the full benefit of the obligation. This was their construction of their Act of Assembly which is nearly the same with ours [1 Del.Laws 117]. But here the remedy sought is at common law, and the principle there is, if defendant receives something and gives a consideration which afterwards fails, he must refund, 2 Bl.R. 464, 469.

By the evidence it appears that the assignor himself delivered the bond into the hands of the attorney who proceeded on it, but without effect, which is an answer to the argument concerning a want of due diligence.

The legislature intended to encourage trade by making bonds and bills assignable. The difference between bills of exchange in England and bonds and specialties made assignable in this country is but nominal. When the counsel for plaintiff mentioned this, they were not aware that they had thereby admitted a similarity in the law with regard to delay. However, the Court are of opinion there was sufficient to warrant the delay against the obligor here. Let judgment be entered for the plaintiff on the second count.

(See the docket entry of the judgment.)